**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
JUAN JOSE SANDINO MARTINEZ, SOLIN ANTONIO ESCALANTE TORRES, DALMACIO ENRIQUEZ HERNANDEZ, JOSE ENERIQUE, CHARLES CECILIO VASQUEZ REYES, SIMEON DOMINIGUEZ BRAVO, ARNULFO VASQUEZ BASURTO, MARLENY RAMOS PLACENCIA, DUGLAS EPISMENIO CACAO TZUL, RIGOBERTO TENAS NAJARRO, UBER ANTONIO TZILIN, MILTON DE JESUS VALLADARES, ILSIAS ELI TENAS NAJARRO, STANLEY MICHELL MERCEDES CARVAJAL, CRISTIAN ANTONIO RODRIGUEZ LOPEZ, ISRAEL SANTIAGO CARDOZA, JORGE RUBEN MORALES SANCHEZ, MARIO DE JESUS NAVARRO, OSCAR FERNANDO REYES ROSALES, JOSE LUIS SOSA HERNANDEZ, CRISPIN SUAREZ, ANGEL ISRAEL RODRIGUEZ GARCIA, CAROLINA BERENICE RAMIREZ SORIANO, SILVIO CRUZ GALEAN ARMENGOL, BYRON STALIN MAROTO VALLEJO, EDWIN SANDINO MORENO, NELSON T. MANZANARES, ANGEL ARNULFO FAJARDO VASQUEZ, ZENAIDA ENRIQUEZ HERNANDEZ, MIGUEL EDUARDO CEFLA SILVA, JOSUE ANDRES SAN MARTIN RENDON, CAMILO RAMOS MATA, LUIS ENRIQUEZ ENRIQUEZ, JOSE ALFREDO MORALES PAREDES, ANGEL PEREZ CERVANTES, EZEQUIEL ANZURES BARRETO, JOSEPH FRANCISCO GUZMAN SANTAMARIA, CARLOS ALFREDO BARRETO ANZUREZ, ALVARO DE JESUS GUZMAN SANTAMARIA, JUAN HUEPALCALCO SALOMA, JUAN MARCELO ACTEOPAN CARVENTE, and VIRGINIA TOCAY NIJ, individually and on behalf of all others similarly situated,

|  |  |
|---|---|
|  | **CLASS ACTION COMPLAINT** |
|  | JURY TRIAL REQUESTED |

                                        Plaintiffs,

                -against-

RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., HARJIT SINGH, NAVJIT SINGH and GURPREET SINGH, as individuals,

                                        Defendants.
----------------------------------------X

1

Plaintiffs, **JUAN JOSE SANDINO MARTINEZ, SOLIN ANTONIO ESCALANTE TORRES, DALMACIO ENRIQUEZ HERNANDEZ, JOSE ENERIQUE, CHARLES CECILIO VASQUEZ REYES, SIMEON DOMINIGUEZ BRAVO, ARNULFO VASQUEZ BASURTO, MARLENY RAMOS PLACENCIA, DUGLAS EPISMENIO CACAO TZUL, RIGOBERTO TENAS NAJARRO, UBER ANTONIO TZILIN, MILTON DE JESUS VALLADARES, ILSIAS ELI TENAS NAJARRO, STANLEY MICHELL MERCEDES CARVAJAL, CRISTIAN ANTONIO RODRIGUEZ LOPEZ, ISRAEL SANTIAGO CARDOZA, JORGE RUBEN MORALES SANCHEZ, MARIO DE JESUS NAVARRO, OSCAR FERNANDO REYES ROSALES, JOSE LUIS SOSA HERNANDEZ, CRISPIN SUAREZ, ANGEL ISRAEL RODRIGUEZ GARCIA, CAROLINA BERENICE RAMIREZ SORIANO, SILVIO CRUZ GALEAN ARMENGOL, BYRON STALIN MAROTO VALLEJO, EDWIN SANDINO MORENO, NELSON T. MANZANARES, ANGEL ARNULFO FAJARDO VASQUEZ, ZENAIDA ENRIQUEZ HERNANDEZ, MIGUEL EDUARDO CEFLA SILVA, JOSUE ANDRES SAN MARTIN RENDON, CAMILO RAMOS MATA, LUIS ENRIQUEZ ENRIQUEZ, JOSE ALFREDO MORALES PAREDES, ANGEL PEREZ CERVANTES, EZEQUIEL ANZURES BARRETO, JOSEPH FRANCISCO GUZMAN SANTAMARIA, CARLOS ALFREDO BARRETO ANZUREZ, ALVARO DE JESUS GUZMAN SANTAMARIA, JUAN HUEPALCALCO SALOMA, JUAN MARCELO ACTEOPAN CARVENTE, and VIRGINIA TOCAY NIJ**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, JUAN JOSE SANDINO MARTINEZ, SOLIN ANTONIO ESCALANTE TORRES, DALMACIO ENRIQUEZ HERNANDEZ, JOSE ENERIQUE, CHARLES CECILIO VASQUEZ REYES, SIMEON DOMINIGUEZ BRAVO, ARNULFO VASQUEZ BASURTO, MARLENY RAMOS PLACENCIA, DUGLAS EPISMENIO CACAO TZUL, RIGOBERTO TENAS NAJARRO, UBER ANTONIO TZILIN, MILTON DE JESUS VALLADARES, ILSIAS ELI TENAS NAJARRO,

STANLEY MICHELL MERCEDES CARVAJAL, CRISTIAN ANTONIO RODRIGUEZ LOPEZ, ISRAEL SANTIAGO CARDOZA, JORGE RUBEN MORALES SANCHEZ, MARIO DE JESUS NAVARRO, OSCAR FERNANDO REYES ROSALES, JOSE LUIS SOSA HERNANDEZ, CRISPIN SUAREZ, ANGEL ISRAEL RODRIGUEZ GARCIA, CAROLINA BERENICE RAMIREZ SORIANO, SILVIO CRUZ GALEAN ARMENGOL, BYRON STALIN MAROTO VALLEJO, EDWIN SANDINO MORENO, NELSON T. MANZANARES, ANGEL ARNULFO FAJARDO VASQUEZ, ZENAIDA ENRIQUEZ HERNANDEZ, MIGUEL EDUARDO CEFLA SILVA, JOSUE ANDRES SAN MARTIN RENDON, CAMILO RAMOS MATA, LUIS ENRIQUEZ ENRIQUEZ, JOSE ALFREDO MORALES PAREDES, ANGEL PEREZ CERVANTES, EZEQUIEL ANZURES BARRETO, JOSEPH FRANCISCO GUZMAN SANTAMARIA, CARLOS ALFREDO BARRETO ANZUREZ, ALVARO DE JESUS GUZMAN SANTAMARIA, JUAN HUEPALCALCO SALOMA, JUAN MARCELO ACTEOPAN CARVENTE, VIRGINIA TOCAY NIJ, through undersigned counsel, bring this action against **RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., HARJIT SINGH, NAVJIT SINGH and GURPREET SINGH, as individuals,** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment with the Defendants located at 89-03 Pontiac St., Queens Village, NY 11427.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
## THE PLAINTIFFS

7. Plaintiff JUAN JOSE SANDINO MARTINEZ residing in New York, NY, 10701 was employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around March 2020 until in or around December 2021.

8. Plaintiff SOLIN ANTONIO ESCALANTE TORRES residing in New York, NY 10128 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around March 2020 until in or around December 2021.

9. Plaintiff DALMACIO ENRIQUEZ HERNANDEZ residing in Bronx, NY, 10466 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around November 2021 until in or around December 2021.

10. Plaintiff JOSE ENRIQUE residing in Jackson Heights, NY, 11372 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around January 2020 until in or around March 2021.

11. Plaintiff CHARLES CECILIO VASQUEZ REYES residing in Bronx, NY 10458 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around January 2020 until in or around October 2020 and from in or around January 2021 until or around March 2021.

12. Plaintiff SIMEON DOMINGUEZ BRAVO residing in Queens, NY 11385 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around March 2019 until in or around March 2021.

13. Plaintiff ARNULFO VASQUEZ BASURTO residing in Bronx, NY 10467 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around June 2020 until in or around December 2021.

14. Plaintiff MARLENY RAMOS PLACENCIA residing in Bronx, NY 10466 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around January 2021 until in or around December 2021.

15. Plaintiff DUGLAS EPISMENIO CACAO TZUL residing in Corona, NY 11368 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around August 2020 until in or around December 2021.

16. Plaintiff RIGOBERTO TORRES NAJARRO residing in Bronx, NY 10454 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around May 2018 until in or around December 2021.

17. Plaintiff UBER ANTONIO TZILIN residing in Jamaica, NY 11436 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around September 2020 until in or around December 2020.

18. Plaintiff MILTON DE JESUS VALLADARES residing in Brooklyn, NY 11237 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around August 2017 until in or around December 2020.

19. Plaintiff ILSIAS ELI TENAS NAJARRO residing in Bronx, NY 10458 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around January 2018 until in or around December 2021.

20. Plaintiff STANLEY MICHELL MERCEDES CARVAJAL residing in Bronx, NY 10460 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around August 2021 until in or around December 2021.

21. Plaintiff CRISTIAN ANTINIO RODRIQUEZ LOPEZ residing in Bergen, NJ 07047 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around February 2020 until in or around December 2021.

22. Plaintiff ISRAEL SANTIAGO CARDOZA residing in Bronx, NY 10456 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around June 2021 until in or around December 2021.

23. Plaintiff JORGE RUBEN MORALES SANCHEZ residing in Corona, NY 11369 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around May 2021 until in or around December 2021.

24. Plaintiff MARIO DE JESUS NAVARRO residing in Corona, NY 11368 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around November 2020 until in or around December 2021.

25. Plaintiff OSCAR FERNANDO REYES ROSALES residing in Bronx, NY 10458 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around May 2019 until in or around November 2019.

26. Plaintiff JOSE LUIS SOSA HERNANDEZ residing in Bronx, NY 11375 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around June 2020 until in or around December 2020.

27. Plaintiff CRISPIN SUAREZ residing in Bronx, NY 10458 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around November 2020 until in or around December 2020.

28. Plaintiff ANGEL ISRAEL RODRIGUEZ GARCIA residing in Bronx, NY 10451 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around November 2019 until in or around December 2021.

29. Plaintiff CAROLINA BERENICE RAMIREZ SORIANO residing in Bronx, NY 10454 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around February 2021 until in or around November 2021.

30. Plaintiff SILVIO CRUZ GALEAN ARMENGOL residing in Bronx, NY 10460 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around February 2021 until in or around December 2021.

31. Plaintiff BYRON STALIN MAROTO VALLEJO residing in Jackson Heights, NY 11372 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around March 2021 until in or around December 2021.

32. Plaintiff EDWIN SANDINO MORENO residing in Bronx, NY 10458 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around January 2021 until in or around December 2021.

33. Plaintiff NELSON T. MANZANARES residing in Bronx, NY 10457 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around March 2021 until in or around December 2021.

34. Plaintiff ANGEL ARNULFO FAJARDO VASQUEZ residing in Bronx, NY 10452 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around March 2016 until in or around December 2021.

35. Plaintiff ZENAIDA ENRIQUEZ HERNANDEZ residing in Bronx, NY 10456 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around September 2021 until in or around December 2021.

36. Plaintiff MIGUEL EDUARDO CEFLA SILVA residing in Bronx, NY 10458 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around March 2021 until in or around December 2021.

37. Plaintiff JOSUE ANDRES SAN MARTIN RENDON residing in Maspeth, NY 11378 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around March 2021 until in or around December 2021.

38. Plaintiff CAMILO RAMOS MATA residing in Bronx, NY 10456 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around May 2016 until in or around December 2021.

39. Plaintiff LUIS ENRIQUEZ ENRIQUEZ residing in Monroe, NY 10950 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around October 2021 until in or around December 2021.

40. Plaintiff JOSE ALFREDO MORALES PAREDES residing in Bronx, NY 10406 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around February 2021 until in or around December 2021.

41. Plaintiff ANGEL PEREZ CERVANTES residing in Bronx, NY 10457 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around June 2020 until in or around December 2021.

42. Plaintiff EZEQUIEL ANZURES BARRETO residing in Bronx, NY 10458 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around January 2018 until in or around December 2021.

43. Plaintiff JOSEPH FRANCISCO GUZMAN SANTAMARIA residing in Bronx, NY 10458 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around August 2020 until in or around December 2021.

44. Plaintiff CARLOS ALFREDO BARRETO ANZUREZ residing in Bronx, NY 10454 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around April 2020 until in or around December 2021.

45. Plaintiff ALVARO DE JESUS GUZMAN SANTAMARIA residing in Woodville, NY 11377 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around June 2020 until in or around December 2021.

46. Plaintiff JUAN HUEPALCALCO SALOMA residing in Queens, NY 11368 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around July 2021 until in or around December 2021.

47. Plaintiff JUAN MARCELP ACTEOPAN CARVENTE residing in Bronx, NY 10472 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around June 2019 until in or around December 2021.

48. Plaintiff VIRIGINIA TOCY NIJ residing in Jamaica, NY 11433 was employed RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., from in or around March 2019 until in or around December 2021.

## THE DEFENDANTS

49. Defendant, RSG CONSTRUCTION CORP., is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located 89-03 Pontiac St., Queens Village, NY 11427.

50. Defendant, NYC LINE CONTRACTORS INC.., is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office located 89-03 Pontiac St., Queens Village, NY 11427.

51. Upon information and belief, Defendant HARJIT SINGH, NAVJIT SINGH and GURPREET SINGH are the owners of RSG CONSTRUCTION CORP. and NYC

LINE CONTRACTORS INC. both located at 89-03 Pontiac St., Queens Village, NY 11427.

52. Upon information and belief, Defendant HARJIT SINGH, NAVJIT SINGH and GURPREET SINGH are agents of RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC. both located at 89-03 Pontiac St., Queens Village, NY 11427.

53. Upon information and belief, HARJIT SINGH, NAVJIT SINGH and GURPREET SINGH are responsible for overseeing all daily operations of RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC.

54. Upon information and belief, HARJIT SINGH, NAVJIT SINGH and GURPREET SINGH have power and authority over all the final personnel decisions of RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC.

55. Upon information and belief, HARJIT SINGH, NAVJIT SINGH and GURPREET SINGH have the power and authority over all final payroll decisions of RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC.  including the Plaintiffs.

56. Upon information and belief, HARJIT SINGH, NAVJIT SINGH and GURPREET SINGH have the power to hire the employees of RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., including the Plaintiffs.

57. Upon information and belief, HARJIT SINGH, NAVJIT SINGH and GURPREET SINGH have power over the firing and terminating of the employees of RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., including Plaintiffs.

58. Upon information and belief, HARJIT SINGH, NAVJIT SINGH and GURPREET SINGH are responsible for determining, establishing, and paying the wages of all employees of RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

59. Accordingly, at all relevant times hereto, Defendant HARJIT SINGH, NAVJIT SINGH and GURPREET SINGH were Plaintiffs' employers within the meaning and the intent of the FLSA, and the NYLL.

60. At all times relevant hereto, Defendants acted as a single employer in general and a joint employer with respect to Plaintiffs, as Defendants held out Plaintiffs as employees of both RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC.

61. Both Corporate entities employed the same employees, including Plaintiffs, performed work on the same job sites, and were both responsible for issuing Plaintiffs their wages.

62. The Corporate entities functioned as a single integrated enterprise during Plaintiffs' employment by Defendants.

63. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC. (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

## RELEVANT STATUTORY PERIOD

64. Under the FLSA and NYLL, Plaintiffs' federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. This Complaint was filed on May 2022.  As such, the relevant statutory period for Plaintiffs' claims asserted herein encompasses the entirety of the period spanning May 2016 through the present ("relevant statutory period.").

## FACTUAL ALLEGATIONS
## JUAN JOSE SANDINO MARTINEZ

65. Plaintiff JUAN JOSE SANDINO MARTINEZ has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a demolition

worker, cleaner and general worker while performing related miscellaneous duties for the Defendants, from in or around March 2020 until in or around December 2021.

66. Plaintiff JUAN JOSE SANDINO MARTINEZ regularly worked five (5) days per week from in or around March 2020 until in or around December 2021.

67. Plaintiff JUAN JOSE SANDINO MARTINEZ regularly worked approximately eight-and-a-half (8.5) hours per day from in or around March 2020 until in or around December 2021.

68. Thus, Plaintiff was regularly required to work forty-two and a half (42.5) hours per week, during his employment with the Defendants

69. Plaintiff JUAN JOSE SANDINO MARTINEZ was paid by Defendants a flat daily rate of approximately $160.00 per day from in or around March 2020 until in or around December 2021.

70. Although Plaintiff JUAN JOSE SANDINO MARTINEZ regularly worked approximately forty-two and a half (42.5) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

71. Defendants paid Plaintiff JUAN JOSE SANDINO MARTINEZ on a bi-weekly basis from in or around March 2020 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around March 2020 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

72. Plaintiff was not compensated at all for his last twelve (12) weeks of employment by the Defendants.

**SOLIN ANTONIO ESCALANTE TORRES**

73. Plaintiff SOLIN ANTONIO ESCALANTE TORRES has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a scaffolder worker while performing related miscellaneous duties for the Defendants, from in or around March 2020 until in or around December 2021.

74. Plaintiff SOLIN ANTONIO ESCALANTE TORRES regularly worked five (5) days per week from in or around March 2020 until in or around December 2021.

75. Plaintiff SOLIN ANTONIO ESCALANTE TORRES regularly worked approximately eight-and-a-half (8.5) hours per day from in or around March 2020 until in or around December 2021.

76. Thus, Plaintiff was regularly required to work forty-two and a half (42.5) hours per week, during his employment with the Defendants.

77. Plaintiff SOLIN ANTONIO ESCALANTE TORRES was paid by Defendants a flat hourly rate of approximately $27.50 per hour from in or around March 2020 until in or around December 2021.

78. Although Plaintiff SOLIN ANTONIO ESCALANTE TORRES regularly worked approximately forty-two and a half (42.5) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

79. Defendants paid Plaintiff SOLIN ANTONIO ESCALANTE TORRES on a bi-weekly basis from in or around June 2021 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around January 2020 until present and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

80. Defendants paid Plaintiff SOLIN ANTONIO ESCALANTE TORRES on a bi-weekly basis from in or around March 2020 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around March 2020 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

81. Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

**DALMACIO ENRIQUEZ HERNANDEZ**

82. Plaintiff DALMACIO ENRIQUEZ HERNANDEZ was employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a foreman,

12

while performing related miscellaneous duties for the Defendants, from in or around November 2021 until in or around December 2021.

83. Plaintiff DALMACIO ENRIQUEZ HERNANDEZ regularly worked five (5) to six (6) days per week from in or around November 2021 until in or around December 2021.

84. Plaintiff DALMACIO ENRIQUEZ HERNANDEZ regularly worked approximately nine (9) hours per day from in or around March 2020 until in or around December 2021.

85. Thus, Plaintiff was regularly required to work forty-five (45) to fifty-four (54) hours per week, during his employment with the Defendants.

86. Plaintiff DALMACIO ENRIQUEZ HERNANDEZ was paid by Defendants a flat hourly rate of approximately $40.00 per hour from in or around November 2021 until in or around December 2021.

87. Although Plaintiff DALMACIO ENRIQUEZ HERNANDEZ regularly worked approximately forty-five (45) to fifty-four (54) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

88. Defendants paid Plaintiff DALMACIO ENRIQUEZ HERNANDEZ on a bi-weekly basis from in or around November 2021 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around November 2021 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

89. Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

**JOSE ENRIQUE**

90. Plaintiff JOSE ENRIQUE has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as an assistant carpenter, while performing related miscellaneous duties for the Defendants, from in or around January 2020 until in or around March 2021.

91. Plaintiff JOSE ENRIQUE regularly worked five (5) to six (6) days per week, from in or around January 2020 until in or around March 2021.

92. Plaintiff JOSE ENRIQUE regularly worked approximately eight (8) hours per day from in or around January 2020 until in or around March 2021.

93. Thus, Plaintiff was regularly required to work forty (40) to forty-eight (48) hours or more hours per week during his employment with the defendants.

94. Plaintiff JOSE ENRIQUE was paid by Defendants a flat daily rate of approximately $150.00 per day from in or around January 2020 until in or around March 2021.

95. Although Plaintiff JOSE ENRIQUE regularly worked approximately forty (40)  to forty-eight (48) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

96. Defendants paid Plaintiff JOSE ENRIQUE on a bi-weekly basis from in or around January 2020 until in or around March 2021, failing to timely pay Plaintiff for his first week of wages from in or around January 2020 until in or around March 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

97. Plaintiff was not compensated at all for his last eight (8) weeks of employment by the Defendants.

## **CHARLES CECILIO VASQUEZ REYES**

98. Plaintiff CHARLES CECILIO VASQUEZ REYES has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as an assistant carpenter, demolition worker and cleaner while performing related miscellaneous duties for the Defendants, from in or around January 2020 until in or around October 2020 and from in or around January 2021 until in or around March 2021.

99. Plaintiff CHARLES CECILIO VASQUEZ REYES regularly worked five (5) days per week from in or around January 2020 until in or around October 2020 and from in or around January 2021 until in or around March 2021.

100.    Plaintiff CHARLES CECILIO VASQUEZ REYES regularly worked approximately eight (8) hours per day from in or around January 2020 until in or around October 2020 and from in or around January 2021 until in or around March 2021.

101.    Thus, Plaintiff was regularly required to work forty (40) hours or more hours per week, from in or around January 2020 until in or around October 2020 and from in or around January 2021 until in or around March 2021.

102.    Plaintiff CHARLES CECILIO VASQUEZ REYES was paid by Defendants a flat daily rate of approximately $150.00 per day for all hours worked from in or around January 2020 until in or around October 2020 and from in or around January 2021 until in or around March 2021.

103.    Defendants paid Plaintiff CHARLES CECILIO VASQUEZ REYES on a bi-weekly basis from in or around January 2020 until in or around October 2020 and from in or around January 2021 until in or around March 2021, failing to timely pay Plaintiff for his first week of wages from in or around January 2020 until in or around October 2020 and from in or around January 2021 until in or around March 2021and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

104.    Plaintiff was not compensated at all for his last two (2) weeks of employment by the Defendants.

**SIMEON DOMINGUEZ BRAVO**

105.    Plaintiff SIMEON DOMINGUEZ BRAVO has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a carpenter while performing related miscellaneous duties for the Defendants, from in or around March 2019 until in or around March 2021.

106.    Plaintiff SIMEON DOMINGUEZ BRAVO regularly worked six (6) days per week during his employment with the Defendants.

107.    Plaintiff SIMEON DOMINGUEZ BRAVO regularly worked approximately eight (8) hours per day from in or around March 2019 until in or around March 2021.

108.  Thus, Plaintiff was regularly required to work forty-eight (48) hours or more hours per week, during his employment with the Defendants.

109.  Plaintiff SIMEON DOMINGUEZ BRAVO was paid by Defendants a flat daily rate of approximately:

    i.    $150.00 per day for all hours worked from in or around March 2019 until in or around December 2019;

    ii.    $170.00 per day for all hours worked from in or around January 2020 until in or around October 2020; and

    iii.    $180.00 per day for all hours worked from in or around November 2020 until in or around March 2021.

110.  Although Plaintiff SIMEON DOMINGUEZ BRAVO regularly worked approximately forty-eight (48) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

111.  Defendants paid Plaintiff SIMEON DOMINGUEZ BRAVO on a bi-weekly basis from in or around March 2019 until in or around March 2021, failing to timely pay Plaintiff for his first week of wages from in or around March 2019 until in or around March 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

112.  Plaintiff was not compensated at all for his last three (3) weeks of employment by the Defendants.

**ARNULFO VASQUEZ BASURTO**

113.  Plaintiff ARNULFO VASQUEZ BASURTO has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a mechanic while performing related miscellaneous duties for the Defendants, from in or around June 2020 until in or around December 2021.

114.  Plaintiff ARNULFO VASQUEZ BASURTO regularly worked five (5) days per week from in or around June 2020 until in or around December 2021.

115.    Plaintiff ARNULFO VASQUEZ BASURTO regularly worked approximately eight-and-a-half (8.5) hours per day from in or around June 2020 until in or around December 2021.

116.    Thus, Plaintiff was regularly required to work forty-two and a half (42.5) hours or more hours per week, during his employment with the Defendants.

117.    Plaintiff ARNULFO VASQUEZ BASURTO was paid by Defendants a flat daily rate of approximately:

   i.    $140.00 per day for all hours worked from in or around June 2020 until in or around August 2021; and

   ii.   $190.00 per day for all hours work from in or around September 2021 until in or around December 2021.

118.    Although Plaintiff ARNULFO VASQUEZ BASURTO regularly worked approximately forty-two and a half (42.5) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

119.    Defendants paid Plaintiff ARNULFO VASQUEZ BASURTO on a bi-weekly basis from in or around June 2020 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around June 2020 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

120.    Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

**MARLENY RAMOS PLACENCIA**

121.    Plaintiff MARLENY RAMOS PLACENCIA was employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a security personnel while performing related miscellaneous duties for the Defendants, from in or around January 2021 until in or around December 2021.

122.    Plaintiff MARLENY RAMOS PLACENCIA regularly worked five (5) days per week from in or around January 2021 until in or around December 2021.

123. Plaintiff MARLENY RAMOS PLACENCIA regularly worked approximately nine (9) hours per day from in or around January 2021 until in or around December 2021.

124. Thus, Plaintiff was regularly required to work forty-five (45) hours or more hours per week from in or around during her employment with the defendants.

125. Plaintiff MARLENY RAMOS PLACENCIA was paid by Defendants a flat daily rate of approximately:

    i.    $140.00 per day from in or around January 2021 until in or around June 2021;

    ii.    $160.00 per day from in or around July 2021 until in or around December 2021;

126. Although Plaintiff MARLENY RAMOS PLACENCIA regularly worked forty-five (45) hours or more hours per week from in or around January 2021 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

127. Defendants paid Plaintiff MARLENY RAMOS PLACENCIA on a bi-weekly basis from in or around January 2021 until in or around December 2021, failing to timely pay Plaintiff for her first week of wages from in or around January 2021 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

128. Further, Plaintiff was not compensated at all for her last six (6) weeks of employment by the Defendants.

**DUGLAS EPISMENIO CACAO TZUL**

129. Plaintiff DUGLAS EPISMENIO CACAO TZUL was employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as an assistant carpenter and mechanic while performing related miscellaneous duties for the Defendants, from in or around August 2020 until in or around December 2021.

130. Plaintiff DUGLAS EPISMENIO CACAO TZUL regularly worked five (5) days per week during his employment by with the Defendants.

131. Plaintiff DUGLAS EPISMENIO CACAO TZUL regularly worked approximately nine and a half (9.5) hours per day from in or around August 2020 until in or around December 2021.

132. Thus, Plaintiff was regularly required to work fifty-seven and a half (47.5) hours or more hours per week during his employment by with the Defendants.

133. Plaintiff DUGLAS EPISMENIO CACAO TZUL was paid by Defendants a flat daily rate of approximately:

    i.    $150.00 per day for all hours worked from in or around August 2020 until in or around January 2021;

    ii.   $160.00 per day for all hours worked from in or around February 2021 until in or around July 2021; and

    iii.  $180.00 per day for all hours worked from in or around August 2021 until in or around December 2021.

134. Although Plaintiff DUGLAS EPISMENIO CACAO TZUL regularly worked approximately fifty-seven and a half (47.5) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

135. Additionally, Defendants paid Plaintiff DUGLAS EPISMENIO CACAO TZUL on a bi-weekly basis from August 2020 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from August 2020 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

136. Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

## **RIGOBERTO TORRES NAJARRO**

137. Plaintiff RIGOBERTO TORRES NAJARRO has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a foreman

19

while performing related miscellaneous duties for the Defendants, from in or around May 2018 until in or around December 2021.

138.    Plaintiff RIGOBERTO TORRES NAJARRO regularly worked five (5) days per week from in or around May 2018 until in or around December 2021.

139.    Plaintiff RIGOBERTO TORRES NAJARRO regularly worked approximately nine (9) hours per day from in or around May 2018 until in or around December 2021.

140.    Thus, Plaintiff was regularly required to work forty-five (45) hours or more hours per week during his employment with the Defendants.

141.    Plaintiff RIGOBERTO TORRES NAJARRO was paid by Defendants a flat daily rate of approximately $260.00 per day for all hours worked from in or around May 2018 until in or around December 2021.

142.    Although Plaintiff RIGOBERTO TORRES NAJARRO regularly worked approximately forty-five (45) hours or more per week, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

143.    Additionally, Defendants paid Plaintiff RIGOBERTO TORRES NAJARRO on a bi-weekly basis from May 2018 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages May 2018 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

144.    Further, Plaintiff was not compensated at all for his last twelve (12) weeks of employment by the Defendants.

**UBER ANTONIO TZILIN**

145.    Plaintiff UBER ANTONIO TZILIN has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a mason while performing related miscellaneous duties for the Defendants, from in or around September 2020 until in or around December 2020.

146.    Plaintiff UBER ANTONIO TZILIN regularly worked five (5) days per week from in or around September 2020 until in or around December 2020.

147.    Plaintiff UBER ANTONIO TZILIN regularly worked approximately nine (9) hours per day, from in or around September 2020 until in or around December 2020.

148.    Thus, Plaintiff was regularly required to work forty-five (45) hours or more hours per week during his employment with the Defendants.

149.    Plaintiff UBER ANTONIO TZILIN was paid by Defendants a flat daily rate of approximately $170.00 per day for all hours worked from in or around September 2020 until in or around December 2020.

150.    Although Plaintiff UBER ANTONIO TZILIN regularly worked approximately forty-five (45) hours or more hours per week from in or around September 2020 until in or around December 2020, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

151.    Additionally, Defendants paid Plaintiff RIGOBERTO NAJARRO on a bi-weekly basis from in or around September 2020 until in or around December 2020, failing to timely pay Plaintiff for his first week of wages from in or around September 2020 until in or around December 2020 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

152.    Further, Plaintiff was not compensated at all for his last four (4) weeks of employment by the Defendants.

## **MILTON DE JESUS VALLADARES**

153.    Plaintiff MILTON DE JESUS VALLADARES has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a foreman while performing related miscellaneous duties for the Defendants, from in or around August 2017 until in or around December 2020.

21

154. Plaintiff MILTON DE JESUS VALLADARES regularly worked five (5) days per week from in or around August 2017 until in or around December 2020.

155. Plaintiff MILTON DE JESUS VALLADARES regularly worked approximately eight and a half (8.5) hours per day, from in or around August 2017 until in or around December 2020.

156. Thus, Plaintiff was regularly required to work forty-two and half (42.5) hours or more hours per week during his employment with the Defendants.

157. Plaintiff MILTON DE JESUS VALLADARES was paid by Defendants a flat daily rate of approximately:

   i.   $225.00 per day for all hours worked from in or around August 2017 until in or around December 2018;

   ii.  $250.00 per day for all hours worked from in or around January 2019 until in or around December 2019; and

   iii. $270.00 per day for all hours worked from in or around January 2020 until in or around December 2020.

158. Although Plaintiff MILTON DE JESUS VALLADARES regularly worked approximately forty-two and a half (42.5) hours or more hours per week from in or around August 2017 until in or around December 2020, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

159. Additionally, Defendants paid Plaintiff MILTON DE JESUS VALLADARES on a bi-weekly basis from in or around August 2017 until in or around December 2020, failing to timely pay Plaintiff for his first week of wages from in or around August 2017 until in or around December 2020 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

160. Further, Plaintiff was not compensated at all for his last week of employment by the Defendants.

**ILSIAS ELI TENAS NAJARRO**

161.    Plaintiff ILSIAS ELI TENAS NAJARRO has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a Supervisor while performing related miscellaneous duties for the Defendants, from in or around January 2018 until in or around December 2021.

162.    Plaintiff ILSIAS ELI TENAS NAJARRO regularly worked five (5) days per week from in or around January 2018 until in or around December 2021.

163.    Plaintiff ILSIAS ELI TENAS NAJARRO regularly worked approximately nine (9) hours per day from in or around January 2018 until in or around December 2021.

164.    Thus, Plaintiff was regularly required to work approximately forty-five (45) hours or more hours per week during his employment with the Defendants.

165.    Plaintiff ILSIAS ELI TENAS NAJARRO was paid by Defendants a flat daily rate of approximately $400.00 per day for all hours worked from in or around January 2018 until in or around December 2021.

166.    Although Plaintiff ILSIAS ELI TENAS NAJARRO regularly worked approximately forty-five (45) hours or more per week from in January 2018 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

167.    Additionally, Defendants paid Plaintiff ILSIAS ELI TENAS NAJARRO on a bi-weekly basis from in or around January 2018 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around January 2018 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

168.    Further, Plaintiff was not compensated at all for his last twelve (12) weeks of employment by the Defendants.

## STANLEY MICHELL MERCEDES CARVAJAL

169.  Plaintiff STANLEY MICHELL MERCEDES CARVAJAL has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a helper and mechanic while performing related miscellaneous duties for the Defendants, from in or around August 2021 until in or around December 2021.

170.  Plaintiff STANLEY MICHELL MERCEDES CARVAJAL regularly worked five (5) days per week during his employment with the Defendants.

171.  Plaintiff STANLEY MICHELL MERCEDES CARVAJAL regularly worked approximately eight and a half (8.5) hours per day from in or around August 2021 until in or around December 2021.

172.  Thus, Plaintiff was regularly required to work approximately forty-two and a half (42.5) hours or more hours per week during his employment with the Defendants.

173.  Plaintiff STANLEY MICHELL MERCEDES CARVAJAL was paid by Defendants a flat rate of approximately $800.00 bi-weekly for all hours worked from in or around August 2021 until in or around December 2021.

174.  Although Plaintiff STANLEY MICHELL MERCEDES CARVAJAL regularly worked approximately forty-two and a half (42.5) hours or more hours per week from in or around August 2021 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

175.  Additionally, Defendants paid Plaintiff STANLEY MICHELL MERCEDES CARVAJAL on a bi-weekly basis from in or around August 2021 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around August 2021 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

176.  Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

## CHIRSTIAN ANTINIO RODRIGUEZ LOPEZ

177.   Plaintiff CHRISTIAN ANTINIO RODRIGUEZ LOPEZ has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a mechanic while performing related miscellaneous duties for the Defendants, from in or around February 2020 until in or around December 2021.

178.   Plaintiff CHRISTIAN ANTINIO RODRIGUEZ LOPEZ regularly worked five (5) days per week from in or around February 2020 until in or around December 2021.

179.   Plaintiff CHRISTIAN ANTINIO RODRIGUEZ LOPEZ regularly worked approximately nine (9) hours per day from in or around January 2018 until in or around December 2021.

180.   Thus, Plaintiff was regularly required to work approximately forty-five (45) hours or more hours per week during his employment with the Defendants.

181.   Plaintiff CHRISTIAN ANTINIO RODRIGUEZ LOPEZ was paid by Defendants a flat daily rate of approximately $180.00 per day for all hours worked from in or around February 2020 until in or around December 2021.

182.   Although Plaintiff CHRISTIAN ANTINIO RODRIGUEZ LOPEZ regularly worked approximately forty-five (45) hours or more per week from in or around February 2020 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

183.   Additionally, Defendants paid Plaintiff CHRISTIAN ANTINIO RODRIGUEZ LOPEZ on a bi-weekly basis from in or around February 2020 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around February 2020 until in or around December 2021and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

184.   Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

## ISRAEL SANTIAGO CARDOZA

185.  Plaintiff ISRAEL SANTIAGO CARDOZA has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a helper while performing related miscellaneous duties for the Defendants, from in or around June 2021 until in or around December 2021.

186.  Plaintiff ISRAEL SANTIAGO CARDOZA regularly worked five (5) days per week from in or around June 2021 until in or around December 2021.

187.  Plaintiff ISRAEL SANTIAGO CARDOZA regularly worked approximately nine (9) hours per day from in or around June 2021 until in or around December 2021.

188.  Thus, Plaintiff was regularly required to work approximately forty-five (45) hours or more hours per week during his employment with the Defendants.

189.  Plaintiff ISRAEL SANTIAGO CARDOZA was paid by Defendants a flat daily rate of approximately $170.00 per day for all hours worked from in or around June 2021 until in or around December 2021.

190.  Although Plaintiff ISRAEL SANTIAGO CARDOZA regularly worked approximately forty-five (45) hours or more per week from in or around June 2021 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

191.  Additionally, Defendants paid Plaintiff ISRAEL SANTIAGO CARDOZA on a bi-weekly basis from in or around June 2021 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around June 2021 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

192.  Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

## JORGE RUBEN MORALES SANCHEZ

193.  Plaintiff JORGE RUBEN MORALES SANCHEZ has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a

mechanic while performing related miscellaneous duties for the Defendants, from in or around May 2021 until in or around December 2021.

194.   Plaintiff JORGE RUBEN MORALES SANCHEZ regularly worked five (5) days per week from in or around May 2021 until in or around December 2021.

195.   Plaintiff   JORGE   RUBEN   MORALES   SANCHEZ   regularly   worked approximately eight and a half (8.5) hours per day from in or around May 2021 until in or around December 2021.

196.   Thus, Plaintiff was regularly required to work approximately forty-two and half (42.5) hours or more hours per week during his employment with the Defendants.

197.   Plaintiff JORGE RUBEN MORALES SANCHEZ was paid by Defendants a flat daily rate of approximately $160.00 per day for all hours worked from in or around May 2021 until in or around December 2021.

198.   Although Plaintiff JORGE RUBEN MORALES SANCHEZ regularly worked approximately forty-two and half (42.5) hours or more per week from in or around May 2021 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

199.   Additionally, Defendants paid Plaintiff JORGE RUBEN MORALES SANCHEZ on a bi-weekly basis from in or around May 2021 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around May 2021 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

200.   Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

**MARIO DE JESUS NAVARRO**

201.   Plaintiff MARIO DE JESUS NAVARRO has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a mechanic while performing related miscellaneous duties for the Defendants, from in or around November 2020 until in or around December 2021.

202. Plaintiff MARIO DE JESUS NAVARRO regularly worked five (5) days per week from in or around November 2020 until in or around December 2021.

203. Plaintiff MARIO DE JESUS NAVARRO regularly worked approximately eight and a half (8.5) hours per day from in or around May 2021 until in or around December 2021.

204. Thus, Plaintiff was regularly required to work approximately forty-two and half (42.5) hours or more hours per week during his employment with the Defendants.

205. Plaintiff MARIO DE JESUS NAVARRO was paid by Defendants a flat daily rate of approximately $180.00 per day for all hours worked from in or around November 2020 until in or around December 2021.

206. Although Plaintiff MARIO DE JESUS NAVARRO regularly worked approximately forty-two and half (42.5) hours or more per week from in or around November 2020 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

207. Additionally, Defendants paid Plaintiff MARIO DE JESUS NAVARRO on a bi-weekly basis from in or around November 2020 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around November 2020 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

208. Further, Plaintiff was not compensated at all for his last four (4) weeks of employment by the Defendants.

## OSCAR FERNANDO REYES ROSALES

209. Plaintiff OSCAR FERNANDO REYES ROSALES has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a mechanic while performing related miscellaneous duties for the Defendants, from in or around May 2019 until in or around November 2019.

210.  Plaintiff OSCAR FERNANDO REYES ROSALES regularly worked five (5) days per week from in or around May 2019 until in or around November 2019.

211.  Plaintiff OSCAR FERNANDO REYES ROSALES regularly worked approximately nine (9) hours per day from in or around May 2019 until in or around November 2019.

212.  Thus, Plaintiff was regularly required to work approximately forty-five (45) hours or more hours per week during his employment with the Defendants.

213.  Plaintiff OSCAR FERNANDO REYES ROSALES was paid by Defendants a flat daily rate of approximately $160.00 per day for all hours worked from in or around May 2019 until in or around November 2019.

214.  Although Plaintiff OSCAR FERNANDO REYES ROSALES regularly worked approximately forty-five (45) hours or more per week from in or around May 2019 until in or around November 2019, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

215.  Additionally, Defendants paid Plaintiff OSCAR FERNANDO REYES ROSALES on a bi-weekly basis from in or around May 2019 until in or around November 2019, failing to timely pay Plaintiff for his first week of wages from in or around May 2019 until in or around November 2019 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

216.  Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

## JOSE LUIS SOSA HERNANDEZ

217.  Plaintiff JOSE LUIS SOSA HERNANDEZ has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a concrete worker, demolition worker and construction worker while performing related miscellaneous duties for the Defendants, from in or around June 2020 until in or around December 2020.

218.   Plaintiff JOSE LUIS SOSA HERNANDEZ regularly worked six (6) days per week from in or around June 2020 until in or around October 2020 and five (5) days per week from in or around November 2020 until in or around December 2020.

219.   Plaintiff JOSE LUIS SOSA HERNANDEZ regularly worked approximately eight (8) hours per day from in or around June 2020 until in or around December 2020.

220.   Thus, Plaintiff was regularly required to work approximately forty-eight (48) hours or more hours per week from in or around June 2020 until in or around October 2020 and forty (40) hours or more hours per week from in or around November 2020 until in or around December 2020.

221.   Plaintiff JOSE LUIS SOSA HERNANDEZ was paid by Defendants a flat daily rate of approximately $150.00 per day for all hours worked from in or around June 2020 until in or around December 2020.

222.   Although Plaintiff JOSE LUIS SOSA HERNANDEZ regularly worked approximately forty-eight (48) hours or more hours per week from in or around June 2020 until in or around October 2020, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

223.   Additionally, Defendants paid Plaintiff JOSE LUIS SOSA HERNANDEZ on a bi-weekly basis from in or around June 2020 until in or around December 2020, failing to timely pay Plaintiff for his first week of wages from in or around June 2020 until in or around December 2020 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

224.   Further, Plaintiff was not compensated at all for his last two (2) weeks and two (2) days of employment by the Defendants.

**CRISPIN SUAREZ**

225.   Plaintiff CRISPIN SUAREZ has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a carpenter while performing

related miscellaneous duties for the Defendants, from in or around November 2020 until in or around December 2020.

226.   Plaintiff CRISPIN SUAREZ regularly worked five (5) days per week from in or around November 2020 until in or around December 2020.

227.   Plaintiff CRISPIN SUAREZ regularly worked approximately eight (8) hours per day from in or around November 2020 until in or around December 2020.

228.   Thus, Plaintiff was regularly required to work approximately forty (40) hours or more hours per week during his employment with the Defendants.

229.   Plaintiff CRISPIN SUAREZ was paid by Defendants a flat daily rate of approximately $140.00 per day for all hours worked from in or around November 2020 until in or around December 2020.

230.   Defendants paid Plaintiff CRISPIN SUAREZ on a bi-weekly basis from in or around November 2020 until in or around December 2020, failing to timely pay Plaintiff for his first week of wages from in or around November 2020 until in or around December 2020 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

## ANGEL ISRAEL RODRIGUEZ GARCIA

231.   Plaintiff ANGEL ISRAEL RODRIGUEZ GARCIA has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a repair man and construction worker while performing related miscellaneous duties for the Defendants, from in or around November 2019 until in or around December 2021.

232.   Plaintiff ANGEL ISRAEL RODRIGUEZ GARCIA regularly worked five (5) days per week from in or around November 2019 until in or around December 2021.

233.   Plaintiff ANGEL ISRAEL RODRIGUEZ GARCIA regularly worked approximately eight and a half (8.5) hours per day from in or around November 2019 until in or around December 2021.

234.   Thus, Plaintiff was regularly required to work approximately forty-two and a half (42.5) hours or more hours per week during his employment with the Defendants.

235. Plaintiff ANGEL ISRAEL RODRIGUEZ GARCIA was paid by Defendants a flat hourly rate of approximately $25.00 per hour without regard for the number of hours worked from in or around November 2019 until in or around December 2021.

236. Although Plaintiff ANGEL ISRAEL RODRIGUEZ GARCIA regularly worked approximately forty-two and a half (42.5)  hours or more hours per week from in or around November 2019 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

237. Additionally, Defendants paid Plaintiff ANGEL ISRAEL RODRIGUEZ GARCIA on a bi-weekly basis from in or around November 2019 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around November 2019 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

238. Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

**CAROLINA BERENICE RAMIREZ SORIANO**

239. Plaintiff CAROLINA BERENICE RAMIREZ SORIANO has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a helper while performing related miscellaneous duties for the Defendants, from in or around February 2021 until in or around November 2021.

240. Plaintiff CAROLINA BERENICE RAMIREZ SORIANO regularly worked six (6) days per week from in or around February 2021 until in or around November 2021.

241. Plaintiff CAROLINA BERENICE RAMIREZ SORIANO regularly worked approximately eight and a half (8.5) hours per day from in or around February 2021 until in or around November 2021.

242.  Thus, Plaintiff was regularly required to work approximately fifty-one (51) hours or more hours per week during her employment with the Defendants.

243.  Plaintiff CAROLINA BERENICE RAMIREZ SORIANO was paid by Defendants a flat daily rate of approximately $200.00 per day for all hours worked from in or around February 2021 until in or around November 2021.

244.  Although Plaintiff CAROLINA BERENICE RAMIREZ SORIANO regularly worked approximately fifty-one (51) hours or more hours per week from in or around February 2021 until in or around November 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

245.  Additionally, Defendants paid Plaintiff CAROLINA BERENICE RAMIREZ SORIANO on a bi-weekly basis from in or around February 2021 until in or around November 2021, failing to timely pay Plaintiff for her first week of wages from in or around February 2021 until in or around November 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

246.  Further, Plaintiff was not compensated at all for his last eight (8) weeks of employment by the Defendants.

**SILVIO CRUZ GALEAN ARMENGOL**

247.  Plaintiff SILVIO CRUZ GALEAN ARMENGOL has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a mason, repair man and construction worker while performing related miscellaneous duties for the Defendants, from in or around February 2021 until in or around December 2021.

248.  Plaintiff SILVIO CRUZ GALEAN ARMENGOL regularly worked five (5) days per week from in or around February 2021 until in or around December 2021.

249.  Plaintiff SILVIO CRUZ GALEAN ARMENGOL regularly worked approximately eight and a half (8.5) hours per day from in or around February 2021 until in or around December 2021.

250. Thus, Plaintiff was regularly required to work approximately forty-two and a half (42.5) hours or more hours per week during his employment with the Defendants.

251. Plaintiff SILVIO CRUZ GALEAN ARMENGOL was paid by Defendants a flat daily rate of approximately $230.00 per day for all hours worked from in or around February 2021 until in or around December 2021.

252. Although Plaintiff SILVIO CRUZ GALEAN ARMENGOL regularly worked approximately forty-two and a half (42.5) hours or more hours per week from in or around February 2021 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

253. Additionally, Defendants paid Plaintiff SILVIO CRUZ GALEAN ARMENGOL on a bi-weekly basis from in or around February 2021 until in or around December 2021, failing to timely pay Plaintiff for her first week of wages from in or around February 2021 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

254. Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

**BYRON STALIN MAROTO VALLEJO**

255. Plaintiff BYRON STALIN MAROTO VALLEJO has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as an assistant bricklayer worker while performing related miscellaneous duties for the Defendants, from in or around March 2021 until in or around December 2021.

256. Plaintiff BYRON STALIN MAROTO VALLEJO regularly worked five (5) days per week from in or around March 2021 until in or around December 2021.

257. Plaintiff BYRON STALIN MAROTO VALLEJO regularly worked regularly worked approximately eight and a half (8.5) hours per day from in or around March 2021 until in or around December 2021.

258.   Thus, Plaintiff was regularly required to work approximately forty-two and a half (42.5) hours or more hours per week during his employment with the Defendants.

259.   Plaintiff BYRON STALIN MAROTO VALLEJO was paid by Defendants a flat daily rate of approximately $150.00 per day for all hours worked from in or around March 2021 until in or around December 2021.

260.   Although Plaintiff BYRON STALIN MAROTO VALLEJO regularly worked approximately forty-two and a half (42.5) hours or more hours per week from in or around March 2021 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

261.   Additionally, Defendants paid Plaintiff BYRON STALIN MAROTO VALLEJO on a bi-weekly basis from in or around March 2021 until in or around December 2021, failing to timely pay Plaintiff for her first week of wages from in or around March 2021 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

262.   Further, Plaintiff was not compensated at all for his last three (3) weeks of employment by the Defendants.

**EDWIN SANDINO MORENO**

263.   Plaintiff EDWIN SANDINO MORENO has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a foreman while performing related miscellaneous duties for the Defendants, from in or around January 2021 until in or around December 2021.

264.   Plaintiff EDWIN SANDINO MORENO regularly worked five (5) days per week from in or around January 2021 until in or around December 2021.

265.   Plaintiff EDWIN SANDINO MORENO regularly worked approximately eight and a half (8.5) hours per day from in or around January 2021 until in or around December 2021.

266.   Thus, Plaintiff was regularly required to work approximately forty-two and a half (42.5) hours or more hours per week during his employment with the Defendants.

267.   Plaintiff EDWIN SANDINO MORENO was paid by Defendants a flat hourly rate of approximately $35.00 per hour without regard for the number of hours worked from in or around January 2021 until in or around December 2021.

268.   Although Plaintiff EDWIN SANDINO MORENO regularly worked approximately forty-two and a half (42.5) hours or more hours per week from in or around January 2021 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

269.   Additionally, Defendants paid Plaintiff EDWIN SANDINO MORENO on a bi-weekly basis from in or around January 2021 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around January 2021 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

270.   Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

## NELSON T. MAZANARES

271.   Plaintiff NELSON T. MAZANARES has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a mason, demolition worker and repair man while performing related miscellaneous duties for the Defendants, from in or around March 2021 until in or around December 2021.

272.   Plaintiff NELSON T. MAZANARES regularly worked five (5) days per week from in or around March 2021 until in or around December 2021.

273.   Plaintiff NELSON T. MAZANARES regularly worked approximately eight and a half (8.5) hours per day from in or around March 2021 until in or around December 2021.

274.   Thus, Plaintiff was regularly required to work approximately forty-two and a half (42.5) hours or more hours per week during his employment with the Defendants.

275.    Plaintiff NELSON T. MAZANARES was paid by Defendants a flat daily rate of approximately $200.00 per day for all hours worked from in or around March 2021 until in or around December 2021.

276.    Although Plaintiff NELSON T. MAZANARES regularly worked approximately forty-two and a half (42.5) hours or more hours per week from in or around March 2021 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

277.    Additionally, Defendants paid Plaintiff NELSON T. MAZANARES on a bi-weekly basis from in or around March 2021 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around March 2021 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

278.    Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

**ANGEL ARNULFO FAJARDO VASQUEZ**

279.    Plaintiff ANGEL ARNULFO FAJARDO VASQUEZ has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a construction worker while performing related miscellaneous duties for the Defendants, from in or around March 2016 until in or around December 2021.

280.    During the relevant statutory period, Plaintiff ANGEL ARNULFO FAJARDO VASQUEZ regularly worked six (6) days per week.

281.    Plaintiff ANGEL ARNULFO FAJARDO VASQUEZ regularly worked approximately eight and a half (8.5) hours per day during the relevant statutory period.

282.    Thus, Plaintiff was regularly required to work approximately fifty-one (51) hours or more hours per week during the relevant statutory period.

283.   During the relevant statutory period, Plaintiff ANGEL ARNULFO FAJARDO VASQUEZ was paid by Defendants a flat daily rate of approximately $270.00 per day for all hours worked.

284.   Although Plaintiff ANGEL ARNULFO FAJARDO VASQUEZ regularly worked approximately fifty-one (51) hours or more hours per week during the relevant statutory period, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

285.   Additionally, Defendants paid Plaintiff ANGEL ARNULFO FAJARDO VASQUEZ on a bi-weekly basis from in or around June 2016 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around June 2016 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

286.   Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

### ZENAIDA ENRIQUEZ HERNANDEZ

287.   Plaintiff ZENAIDA ENRIQUEZ HERNANDEZ has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as an assistant construction worker while performing related miscellaneous duties for the Defendants, from in or around September 2021 until in or around December 2021.

288.   Plaintiff ZENAIDA ENRIQUEZ HERNANDEZ regularly worked five (5) days per week from in or around September 2021 until in or around December 2021.

289.   Plaintiff ZENAIDA ENRIQUEZ HERNANDEZ regularly worked approximately eight and a half (8.5) hours per day from in or around September 2021 until in or around December 2021.

290.   Thus, Plaintiff was regularly required to work approximately forty-two and a half (42.5) hours or more hours per week during her employment with the Defendants.

291. Plaintiff ZENAIDA ENRIQUEZ HERNANDEZ was paid by Defendants a flat daily rate of approximately $160.00 per day for all hours worked from in or around September 2021 until in or around December 2021.

292. Although Plaintiff ZENAIDA ENRIQUEZ HERNANDEZ regularly worked approximately forty-two and a half (42.5) hours or more hours per week from in or around September 2021 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

293. Additionally, Defendants paid Plaintiff ZENAIDA ENRIQUEZ HERNANDEZ on a bi-weekly basis from in or around September 2021 until in or around December 2021, failing to timely pay Plaintiff for her first week of wages from in or around September 2021 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

294. Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

### MIGUEL EDUARDO CEFLA SILVA

295. Plaintiff MIGUEL EDUARDO CEFLA SILVA has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a construction worker while performing related miscellaneous duties for the Defendants, from in or around March 2021 until in or around December 2021.

296. Plaintiff MIGUEL EDUARDO CEFLA SILVA regularly worked five (5) days per week from in or around March 2021 until in or around December 2021.

297. Plaintiff MIGUEL EDUARDO CEFLA SILVA regularly worked approximately eight and a half (8.5) hours per day from in or around March 2021 until in or around December 2021.

298. Thus, Plaintiff was regularly required to work approximately forty-two and a half (42.5) hours or more hours per week during his employment with the Defendants.

299.   Plaintiff MIGUEL EDUARDO CEFLA SILVA was paid by Defendants a flat daily rate of approximately $240.00 per day for all hours worked from in or around March 2021 until in or around December 2021.

300.   Although Plaintiff MIGUEL EDUARDO CEFLA SILVA regularly worked approximately forty-two and a half (42.5) hours or more hours per week from in or around March 2021 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

301.   Defendants paid Plaintiff MIGUEL EDUARDO CEFLA SILVA on a bi-weekly basis from in or around March 2021 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around March 2021 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

302.   Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

**JOSUE ANDRES SAN MARTIN RENDON**

303.   Plaintiff JOSUE ANDRES SAN MARTIN RENDON has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a master bricklayer worker while performing related miscellaneous duties for the Defendants, from in or around March 2021 until in or around December 2021.

304.   Plaintiff JOSUE ANDRES SAN MARTIN RENDON regularly worked five (5) days per week from in or around March 2021 until in or around December 2021.

305.   Plaintiff JOSUE ANDRES SAN MARTIN RENDON regularly worked approximately eight and a half (8.5) hours per day from in or around March 2021 until in or around December 2021.

306.   Thus, Plaintiff was regularly required to work approximately forty-two and a half (42.5) hours or more hours per week during his employment with the Defendants.

307.   Plaintiff JOSUE ANDRES SAN MARTIN RENDON was paid by Defendants a flat daily rate of approximately $264.00 per day for all hours worked from in or around March 2021 until in or around December 2021.

308.   Although Plaintiff JOSUE ANDRES SAN MARTIN RENDON regularly worked approximately forty-two and a half (42.5) hours or more hours per week from in or around March 2021 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

309.   Additionally, Defendants paid Plaintiff JOSUE ANDRES SAN MARTIN RENDON on a bi-weekly basis from in or around March 2021 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around March 2021 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

310.   Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

**CAMILO RAMOS MATA**

311.   Plaintiff CAMILO RAMOS MATA has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a mechanic and driver while performing related miscellaneous duties for the Defendants, from in or around May 2019 until in or around December 2021.

312.   Plaintiff CAMILO RAMOS MATA regularly worked five (5) days per week from in or around May 2019 until in or around December 2021.

313.   Plaintiff CAMILO RAMOS MATA regularly worked ten (10) hours per day from in or around May 2019 until in or around December 2021.

314.   Thus, Plaintiff was regularly required to work approximately fifty (50) hours or more hours per week during his employment with the Defendants.

315. Plaintiff CAMILO RAMOS MATA was paid by Defendants a flat daily rate of approximately $150.00 per day for all hours worked from in or around May 2019 until in or around December 2021.

316. Although Plaintiff CAMILO RAMOS MATA regularly worked approximately fifty (50) hours or more hours per week from in or around May 2019 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

317. Additionally, Defendants paid Plaintiff CAMILO RAMOS MATA on a bi-weekly basis from in or around May 2019 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around May 2019 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

318. Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

## LUIS ENRIQUEZ ENRIQUEZ

319. Plaintiff LUIS ENRIQUEZ NRIQUEZ has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a bricklayer worker while performing related miscellaneous duties for the Defendants, from in or around October 2021 until in or around December 2021.

320. Plaintiff LUIS ENRIQUEZ ENRIQUEZ regularly worked five (5) days per week from in or around October 2021 until in or around December 2021.

321. Plaintiff LUIS ENRIQUEZ ENRIQUEZ regularly worked approximately eight (8) hours per day from in or around October 2021 until in or around December 2021.

322. Thus, Plaintiff was regularly required to work approximately forty (40) hours or more hours per week from in or around from in or around October 2021 until in or around December 2021.

323.   Plaintiff LUIS ENRIQUEZ ENRIQUEZ was paid by Defendants a flat daily rate of approximately $270.00 per day for all hours worked from in or around October 2021 until in or around December 2021.

324.   Defendants paid Plaintiff LUIS ENRIQUEZ ENRIQUEZ on a bi-weekly basis from in or around October 2021 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around October 2021 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

325.   Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

### JOSE ALFREDO MORALES PAREDES

326.   Plaintiff JOSE ALFREDO MORALES PAREDES has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a bricklayer worker while performing related miscellaneous duties for the Defendants, from in or around February 2021 until in or around December 2021.

327.   Plaintiff JOSE ALFREDO MORALES PAREDES regularly worked five (5) days per week from in or around February 2021 until in or around December 2021.

328.   Plaintiff JOSE AFREDO MORALES PAREDES regularly worked approximately nine and half (9.5) hours per day from in or around February 2021 until in or around December 2021.

329.   Thus, Plaintiff was regularly required to work approximately forty-seven and a half (47.5) hours or more hours per week during his employment with the Defendants.

330.   Plaintiff JOSE ALFREDO MORALES PAREDES was paid by Defendants a flat daily rate of approximately $240.00 per day for all hours worked from in or around February 2021 until in or around December 2021.

331.   Although Plaintiff JOSE ALFREDO MORALES PAREDES regularly worked approximately forty-seven and a half (47.5) hours or more hours per week from in or around February 2021 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly

worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

332. Additionally, Defendants paid Plaintiff JOSE ALFREDO MORALES PAREDES on a bi-weekly basis from in or around February 2021 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around February 2021 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

333. Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

**ANGEL PEREZ CERVANTES**

334. Plaintiff ANGEL PEREZ CERVANTES has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a mechanic while performing related miscellaneous duties for the Defendants, from in or around July 2020 until in or around December 2021.

335. Plaintiff ANGEL PEREZ CERVANTES regularly worked five (5) days per week from in or around July 2020 until in or around December 2021.

336. Plaintiff ANGEL PEREZ CERVANTES regularly worked approximately nine and half (9.5) hours per day from in or around July 2020 until in or around December 2021.

337. Thus, Plaintiff was regularly required to work approximately forty-seven and a half (47.5) hours or more hours per week during his employment with Defendants.

338. Plaintiff ANGEL PEREZ CERVANTES was paid by Defendants a flat daily rate of approximately $180.00 per day for all hours worked from in or around July 2020 until in or around December 2021.

339. Although Plaintiff ANGEL PEREZ CERVANTES regularly worked approximately forty-seven and a half (47.5) hours or more hours per week from in or around July 2020 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked

over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

340.   Additionally, Defendants paid Plaintiff ANGEL PEREZ CERVANTES on a bi-weekly basis from in or around July 2020 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around July 2020 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

341.   Further, Plaintiff was not compensated at all for his last twelve (12) weeks of employment by the Defendants.

**EZEQUIEL ANZURES BARRETO**

342.   Plaintiff EZEQUIEL ANZURES BARRETO has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a construction worker while performing related miscellaneous duties for the Defendants, from in or around February 2020 until in or around December 2021.

343.   Plaintiff EZEQUIEL ANZURES BARRETO regularly worked five (5) days per week during his employment with the Defendants.

344.   Plaintiff EZEQUIEL ANZURES BARRETO regularly worked approximately nine and a half (9.5) hours per day from in or around February 2020 until in or around December 2021.

345.   Thus, Plaintiff was regularly required to work approximately forty-seven and a half (47.5) hours or more hours per week during his employment with the Defendants.

346.   Plaintiff EZEQUIEL ANZURES BARRETO was paid by Defendants a flat daily rate of approximately $170.00 per day for all hours worked from in or around February 2020 until in or around December 2021.

347.   Although Plaintiff EZEQUIEL ANZURES BARRETO regularly worked approximately forty-seven and a half (47.5) hours or more hours per week from in or around February 2020 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly

45

worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

348. Additionally, Defendants paid Plaintiff EZEQUIEL ANZURES BARRETO on a bi-weekly basis from in or around February 2020 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around February 2020 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

349. Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

**JOSEPH FRANCISCO GUZMAN SANTAMARIA**

350. Plaintiff JOSEPH FRANCISCO GUZMAN SANTAMARIA has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a mechanic while performing related miscellaneous duties for the Defendants, from in or around August 2020 until in or around December 2021.

351. Plaintiff JOSEPH FRANCISCO GUZMAN SANTAMARIA regularly worked five (5) days per week from in or around August 2020 until in or around December 2021.

352. Plaintiff JOSEPH FRANCISCO GUZMAN SANTAMARIA regularly worked approximately eight (8) hours per day from in or around August 2020 until in or around December 2021.

353. Thus, Plaintiff was regularly required to work approximately forty (40) hours or more hours per week from in or around from in or around August 2020 until in or around December 2021.

354. Plaintiff JOSEPH FRANCISCO GUZMAN SANTAMARIA was paid by Defendants a flat daily rate of approximately $180.00 per day for all hours worked from in or around August 2020 until in or around December 2021.

355. Defendants paid Plaintiff JOSEPH FRANCISCO GUZMAN SANTAMARIA on a bi-weekly basis from in or around August 2020 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around

August 2020 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

356.   Additionally, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

## CARLOS ALFREDO BARRETO ANZUREZ

357.   Plaintiff CARLOS ALFREDO BARRETO ANZUREZ has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a construction worker while performing related miscellaneous duties for the Defendants, from in or around April 2020 until in or around December 2021.

358.   Plaintiff CARLOS ALFREDO BARRETO ANZUREZ regularly worked five (5) days per week during his employment with the Defendants.

359.   Plaintiff CARLOS ALFREDO BARRETO ANZUREZ regularly worked approximately eight (8) hours per day from in or around April 2020 until in or around December 2021.

360.   Thus, Plaintiff was regularly required to work approximately forty (40) hours or more hours per week during his employment with the Defendants.

361.   Plaintiff CARLOS ALFREDO BARRETO ANZUREZ was paid by Defendants a flat daily rate of approximately $170.00 per day for all hours worked from in or around April 2020 until in or around December 2021.

362.   Defendants paid Plaintiff JOSE ALFREDO BARRETO PAREDES on a bi-weekly basis from in or around April 2020 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around April 2020 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

363.   Additionally, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

## ALVARO DE JESUS GUZMAN SANTAMARIA

364.   Plaintiff ALVARO DE JESUS GUZMAN SANTAMARIA has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a

foreman while performing related miscellaneous duties for the Defendants, from in or around June 2020 until in or around December 2021.

365.   Plaintiff ALVARO DE JESUS GUZMAN SANTAMARIA regularly worked five (5) days per week from in or around June 2020 until in or around December 2021.

366.   Plaintiff ALVARO DE JESUS GUZMAN SANTAMARIA regularly worked approximately nine and a half (9.5) hours per day from in or around June 2020 until in or around December 2021.

367.   Thus, Plaintiff was regularly required to work approximately forty-seven and a half (47.5) hours or more hours per week during his employment with the Defendants.

368.   Plaintiff ALVARO DE JESUS GUZMAN SANTAMARIA was paid by Defendants a flat daily rate of approximately $220.00 per day for all hours worked from in or around June 2020 until in or around December 2021.

369.   Although Plaintiff ALVARO DE JESUS GUZMAN SANTAMARIA regularly worked approximately forty-seven and a half (47.5) hours or more hours per week from in or around June 2020 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

370.   Additionally, Defendants paid Plaintiff ALVARO DE JESUS GUZMAN SANTAMARIA on a bi-weekly basis from in or around June 2020 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around June 2020 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

371.   Further, Plaintiff was not compensated at all for his last four (4) weeks of employment by the Defendants.


**JUAN HUEPALCALCO SALOMA**

372.   Plaintiff JUAN HUEPALCALCO SALOMA has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a

48

scaffolder worker while performing related miscellaneous duties for the Defendants, from in or around July 2021 until in or around December 2021.

373. Plaintiff JUAN HUEPALCALCO SALOMA regularly worked five (5) days per week from in or around July 2021 until in or around December 2021.

374. Plaintiff JUAN HUEPALCALCO SALOMA regularly worked approximately nine and a half (9.5) hours per day from in or around July 2021 until in or around December 2021.

375. Thus, Plaintiff was regularly required to work approximately forty-seven and a half (47.5) hours or more hours per week during his employment with the Defendants.

376. Plaintiff JUAN HUEPALCALCO SALOMA was paid by Defendants a flat daily rate of approximately $140.00 per day for all hours worked from in or around July 2021 until in or around December 2021.

377. Although Plaintiff JUAN HUEPALCALCO SALOMA regularly worked approximately forty-seven and a half (47.5) hours or more hours per week from in or around July 2021 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

378. Defendants paid Plaintiff JUAN HUEPALCALCO SALOMA on a bi-weekly basis from in or around July 2021 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around July 2021 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

379. Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.

**JUAN MARCELO ACTEOPAN CARVENTE**

380. Plaintiff JUAN MARCELO ACTEOPAN CARVENTE has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a

mechanic while performing related miscellaneous duties for the Defendants, from in or around June 2019 until in or around December 2021.

381.   Plaintiff JUAN MARCELO ACTEOPAN CARVENTE regularly worked five (5) days per week from in or around June 2019 until in or around December 2021.

382.   Plaintiff JUAN MARCELO ACTEOPAN CARVENTE regularly worked approximately nine and a half (9.5) hours per day from in or around June 2019 until in or around December 2021.

383.   Thus, Plaintiff was regularly required to work approximately forty-seven and a half (47.5) hours or more hours per week during his employment with the Defendants.

384.   Plaintiff JUAN MARCELO ACTEOPAN CARVENTE was paid by Defendants a flat daily rate of approximately $160.00 per day for all hours worked from in or around June 2019 until in or around December 2021.

385.   Although Plaintiff JUAN MARCELO ACTEOPAN CARVENTE regularly worked approximately forty-seven and a half (47.5) hours or more hours per week from in or around June 2019 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

386.   Defendants paid Plaintiff JUAN MARCELO ACTEOPAN CARVENTE on a bi-weekly basis from in or around June 2019 until in or around December 2021, failing to timely pay Plaintiff for his first week of wages from in or around June 2019 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

387.   Further, Plaintiff was not compensated at all for his last six (6) weeks of employment by the Defendants.


**VIRGINIA TOCAY NIJ**

388.   Plaintiff VIRIGINIA TOCAY NIJ has been employed by RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., as a demolition worker, construction worker and cleaner while performing related

miscellaneous duties for the Defendants, from in or around March 2019 until in or around December 2021.

389.   Plaintiff VIRIGINIA TOCAY NIJ regularly worked five (5) days per week from in or around March 2019 until in or around December 2021.

390.   Plaintiff VIRIGINIA TOCAY NIJ regularly worked approximately eight and a half (8.5) hours per day from in or around June 2019until in or around December 2021.

391.   Thus, Plaintiff was regularly required to work approximately forty-two and a half (42.5) hours or more hours per week during her employment with the Defendants.

392.   Plaintiff VIRIGINIA TOCAY NIJ was paid by Defendants a flat daily rate of approximately $180.00 per day for all hours worked from in or around June 2019 until in or around December 2021.

393.   Although Plaintiff VIRIGINIA TOCAY NIJ regularly worked approximately forty-two and a half (42.5) hours or more hours per week from in or around March 2019 until in or around December 2021, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

394.   Defendants paid Plaintiff VIRIGINIA TOCAY NIJ on a bi-weekly basis from in or around March 2019 until in or around December 2021, failing to timely pay Plaintiff for her first week of wages from in or around March 2019 until in or around December 2021 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

395.   Further, Plaintiff was not compensated at all for her last six (6) weeks of employment by the Defendants.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

396.   Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

51

397. Upon information and belief, Furthermore, Defendants willfully failed to keep payroll records as required by both NYLL and the FLSA.

398. Additionally, Defendants willfully failed to provide Plaintiffs with a written notice, in English and Spanish, of their applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

399. Defendants willfully failed to provide Plaintiffs with any wage statements, upon each payment of his wages, as required by NYLL §195(3).

400. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks statutory interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate

## COLLECTIVE ACTION ALLEGATIONS

401. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are hereafter, the "Collective Class."

402. Collective Class: All persons who are or have been employed by the Defendants as  helpers, construction workers, mechanics, drivers, scaffolder workers, repair men, bricklayer workers, foremen, cleaners, carpenters, demolition workers, general workers, security personnel or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

403. Upon information and belief, Defendants employed 70-80 employees or more during the relevant statutory period who Defendants' subject(ed) to similar unlawful payment structures that violated applicable law.

404. Defendants suffered and permitted Plaintiffs - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

405.   Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

406.   Defendants had knowledge that the Plaintiffs and the Collective Class regularly performed work requiring overtime pay.

407.   Defendants' conduct as set forth in this Complaint, was willful and in bad faith - and has caused significant damages to the Plaintiffs, as well as the Collective Class.

408.   Defendants are liable under the FLSA for failing to properly compensate Plaintiffs, and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay and proper minimum wage pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

409.   The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

410.   The claims of Plaintiffs are typical of the claims of the whole putative class.

411.   Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

412.   A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

413.   Plaintiffs sue on their own behalf and as the class representative (hereinafter referred to as the "New York Class Representative") and bring the Second and Fourth Causes of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

> All helpers, construction workers, mechanics, drivers, scaffolder workers, repair men, bricklayer workers, foremen, cleaners, carpenters, demolition workers,

general workers, security personnel or other similarly titled personnel who are currently or have been employed by the Defendants at RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., located at 89-03 Pontiac St., Queens Village, NY 11427 and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for all hours over 40 each workweek, paid on a bi-weekly basis and unpaid wages during the 6 years prior to the filing of the Complaint (hereinafter referred to as the "New York Class Period").

414. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.

415. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL;

b. Whether the New York Class Representatives and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

c. Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representatives and the New York Class;

d. Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

f. Whether Defendants should be enjoined from such violations in the future.

416. The New York Class Representatives will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The

Plaintiff is represented by attorneys who are experienced and competent in both class litigation and employment litigation.

417.  A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

418.  Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages and minimum wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

419.  Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

420.  Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

The New York Class Representatives intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

421.  Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

422.  Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

423.   At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

424.   At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

425.   Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

426.   Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

427.   Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C.  §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

428.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

429.   At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

430.   Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

431.   Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and

56

an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Unpaid Wages Under The Fair Labor Standards Act

432.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

433.     Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

434.     Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

435.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

436.     Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

437.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

438.     Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

439.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of Frequency of Pay Under New Yor Labor Law

440.   Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

441.   Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

442.   Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

443.   Due to defendants' New York Labor Law violations, Plaintiffs are entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

## SIXTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

444.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

445.   Defendants failed to provide Plaintiffs with a written notice, in English, and in Spanish (Plaintiff's primary language), of his applicable regular rate of pay, regular pay day, and all such other information as required by NYLL §195(1).

446.   Defendants are liable to Plaintiffs in the amount of $5,000.00 together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

447.   Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

448.   Defendants failed to provide Plaintiffs with wage statements, upon each payment of his wages, as required by NYLL §195(3).

449.   Defendants are liable to Plaintiffs in the amount of $5,000.00 together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a.   Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations.

b.   Awarding Plaintiffs' unpaid overtime wages;

c.   Awarding Plaintiffs' unpaid wages

d.   Awarding Plaintiffs unpaid wages for Defendants' failure to timely pay Plaintiffs' wages;

e.   Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

f.   Awarding Plaintiffs prejudgment and post-judgment interest;

g.   Awarding Plaintiffs, the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated:   June 13, 2022
            Kew Gardens, NY

*Roman Avshalumov*

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JUAN JOSE SANDINO MARTINEZ, SOLIN ANTONIO ESCALANTE TORRES, DALMACIO ENRIQUEZ HERNANDEZ, JOSE ENERIQUE, CHARLES CECILIO VASQUEZ REYES, SIMEON DOMINIGUEZ BRAVO, ARNULFO VASQUEZ BASURTO, MARLENY RAMOS PLACENCIA, DUGLAS EPISMENIO CACAO TZUL, RIGOBERTO TENAS NAJARRO, UBER ANTONIO TZILIN, MILTON DE JESUS VALLADARES, ILSIAS ELI TENAS NAJARRO, STANLEY MICHELL MERCEDES CARVAJAL, CRISTIAN ANTONIO RODRIGUEZ LOPEZ, ISRAEL SANTIAGO CARDOZA, JORGE RUBEN MORALES SANCHEZ, MARIO DE JESUS NAVARRO, OSCAR FERNANDO REYES ROSALES, JOSE LUIS SOSA HERNANDEZ, CRISPIN SUAREZ, ANGEL ISRAEL RODRIGUEZ GARCIA, CAROLINA BERENICE RAMIREZ SORIANO, SILVIO CRUZ GALEAN ARMENGOL, BYRON STALIN MAROTO VALLEJO, EDWIN SANDINO MORENO, NELSON T. MANZANARES, ANGEL ARNULFO FAJARDO VASQUEZ, ZENAIDA ENRIQUEZ HERNANDEZ, MIGUEL EDUARDO CEFLA SILVA, JOSUE ANDRES SAN MARTIN RENDON, CAMILO RAMOS MATA, LUIS ENRIQUEZ ENRIQUEZ, JOSE ALFREDO MORALES PAREDES, ANGEL PEREZ CERVANTES, EZEQUIEL ANZURES BARRETO, JOSEPH FRANCISCO GUZMAN SANTAMARIA, CARLOS ALFREDO BARRETO ANZUREZ, ALVARO DE JESUS GUZMAN SANTAMARIA, JUAN HUEPALCALCO SALOMA, JUAN MARCELO ACTEOPAN CARVENTE, VIRGINIA TOCAY NIJ, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

RSG CONSTRUCTION CORP. and NYC LINE CONTRACTORS INC., HARJIT SINGH, NAVJIT SINGH and GURPREET SINGH, as individuals,

Defendants,

## CLASS ACTION COMPLAINT

*Jury Trial Demanded*

### HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for the Plaintiff*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

60

To:

**RSG CONSTRUCTION CORP.**
89-03 Pontiac St., Queens Village, NY 11427

**NYC LINE CONTRACTORS INC.**
89-03 Pontiac St., Queens Village, NY 11427

**HARJIT SINGH**
89-03 Pontiac St., Queens Village, NY 11427

**NAVJIT SINGH**
89-03 Pontiac St., Queens Village, NY 11427

**GURPREET SINGH**
89-03 Pontiac St., Queens Village, NY 11427